1

CostaLaw
Joseph P. Costa, Esq. (CA SBN: 130131)
Darius Anthony Vosylius, Esq. (CA SBN: 175030)
Yasmin Khalifian, Esq. (CA SBN: 341350)
17383 Sunset Blvd., Suite A-350
Pacific Palisades, CA 90272
Phone: (310) 394-6611
Fax: (310) 394-6612
E-mail: joseph.costa@costalaw.com

2

3

4

5

6

7

Attorneys for Plaintiff
SAVVIER FITNESS LLC

8

## UNITED STATES DISTRICT COURT

9

### CENTRAL DISTRICT OF CALIFORNIA- CENTRAL DISTRICT

10

| | |
|---|---|
| SAVVIER FITNESS LLC, A CALIFORNIA LIMITED LIABILITY COMPANY;<br><br>     Plaintiff,<br><br>          v.<br><br>SOUTHERN TELECOM, INC., a New York Corporation; DICK'S SPORTING GOODS, INC., a Delaware Corporation; MACY'S, INC., a Delaware Corporation; THE TJX COMPANIES, INC., a Massachusetts Corporation dba MARSHALL'S; TILLY'S INC., a Delaware Corporation; BELK, INC., a North Carolina Corporation; HUDSON'S BAY COMPANY, Ulc Compagnie de la Baie D'Hudson Sri dba SAKS OFF 5TH; and Does 1-10,<br><br>     Defendants. | Case No.<br><br>Complaint for (1) Infringement of Patent No. 9,011,294; (3) Infringement of Registered Trademark; (4) Unfair Competition (15 U.S.C. §1125(a)); (5) Unfair Competition (Cal. Bus. & Prof. Code §17200); (6) Dissemination of false advertisements (15 U.S.C. §52); (7) Deceptive Trade Practices (15 U.S.C. §52); (8) False Advertising (Cal. Bus. & Prof. Code §17500); (9) False Designation Of Origin/Unfair Competition or Misleading Advertising 15 U.S.C. §1125(a); (10) California Common Law Unfair Competition; and (11) Declaratory Relief<br>**Jury Trial Demanded** |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Plaintiff SAVVIER FITNESS LLC ("SF" or "Plaintiff") files this complaint against SOUTH-

25

ERN TELECOM, INC., a New York Corporation; DICK'S SPORTING GOODS, INC., a Delaware

26

Corporation; MACY'S, INC., a Delaware Corporation; THE TJX COMPANIES, INC., a Massachu-

27

setts Corporation dba MARSHALL'S; TILLY'S INC., a Delaware Corporation; BELK, INC., a

28

| | | |
|---|---|---|
| Complaint | 1 | SAVVIER FITNESS, LLC v.. SOUTHERN TELECOM, INC., et. al. |

North Carolina Corporation; HUDSON'S BAY COMPANY, Ulc Compagnie de la Baie D'Hudson Sri dba SAKS OFF 5TH; and Does 1-10 (collectively "Defendants").

### JURISDICTION AND VENUE

1.      This Court has subject-matter jurisdiction over the federal claims under 15 U.S.C. §1121 (trademark), 28 U.S.C. §§1331 and 1338 (federal question); 35 U.S.C. §1 et seq. (patent), 35 U.S.C. §271 (patent), and 28 U.S.C. §1338(b) (state law claims of unfair competition when joined with a substantial and related claim under the trademark laws).

2.      This Court has personal jurisdiction over Defendants because they ship, distribute, offer for sale, sell, and advertise their infringing products in California and in this district. This Court has personal jurisdiction over Defendants because at all relevant times, Defendants committed the acts alleged in this Complaint in California and in this district.

3.      Venue is proper under 28 U.S.C. §1391(b)(c)(2) against all Defendants because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### PARTIES

4.      Plaintiff Savvier is a California Limited Liability Company with a place of business at 1493 Poinsettia Ave., Suite 139, Vista, CA 92081.

5.      Upon information and belief, defendant Southern Telecom is a New York corporation with its principal place of business located at 5601 1st Ave., Brooklyn, New York 11220. Southern Telecom is the manufacturer of the brand "Lomi", which includes slider exercise discs that are central to Savvier's infringement claims.

6.      Upon information and belief, defendant Dick's Sporting Goods, Inc. is a Delaware Corporation with a principal place of business located at PO Box 526036, Sacramento, California, 15275. Dick's Sporting Goods is an online retail seller of the Lomi sliding discs that are central to Savvier's infringement claims.

7.      Upon information and belief, defendant Macy's, Inc. is a Delaware Corporation with its principal place of business located at 151 West 34th Street, New York, New York 10001. Macy's is an online retailer seller of the Lomi sliding discs that are central to Savvier's infringement claims.

---

Complaint                                    2       SAVVIER FITNESS, LLC v.. SOUTH-
                                                     ERN TELECOM, INC., et. al.

8. Upon information and belief, defendant The TJX Companies, Inc., a Massachusetts Corporation dba Marshall's with its principal place of business located at 770 Cochituate Road, Framingham, Massachusetts 01701. Marshall's is an online retail seller of the Lomi sliding discs that are central to Savvier's infringement claims.

9. Upon information and belief, Tilly's, Inc. is a Delaware Corporation with its principal place of business located at 10 Whatney, Irvine, California 92618. Tilly's is an online retail seller of the Lomi sliding discs that are central to Savvier's infringement claims.

10. Upon information and belief, Belk, Inc., a North Carolina Corporation with its principal place of business located at 2801 W Tyvola Rd., Charlotte, North Carolina 28217. Belk is an online retail seller of the Lomi sliding discs that are central to Savvier's infringement claims.

11. Upon information and belief, Hudson's Bay Company is a Canadian Corporation with its principal place of business located at 1650 Victoria St E Whitby, Ontario, L1N 94L Canada. Hudson's Bay Company is an online retailer seller, through the online shop Saks Off 5th, of the Lomi sliding discs that are central to Savvier's infringement claims.

**SAVVIER'S ASSERTED TRADEMARKS ("Marks") and PATENT**

12. Plaintiff Savvier is the owner of federal trademark registrations to the mark Gliding for its fitness sliding discs ("Mark"), Reg. No. 3285762 (IC 028 and 041), and 3301646 (IC 009) issued by the United States Patent and Trademark Office ("USPTO") on August 28, 2007, and October 2, 2007, respectively (the "Mark").

13. Plaintiff is also the owner of the patented technology embodied in its Gliding discs. patent (#9011294)[the "Apparatus Patent", Apparatus Patent shall be referenced as the "Patent"].

14. As of May 2004, Plaintiff Savvier's predecessors (Savvier L.P. and Savvier Inc.) began using the Gliding Mark on products sold in the United States and worldwide. The Gliding Mark quickly came to signify the quality and reputation of Plaintiff Savvier's products.

15. Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§1058 and 1065, and this registration is incontestable.

14.   The Gliding patent relate to an innovative fitness product and design by co-inventors Mindy Mylrea and Jeff Tuller, namely a sliding exercise disc along the floor surface that allows its user to perform a series of exercises.

16.   Jeff Tuller is a co-founder of Savvier LP in 2003 and of the successor fitness company Savvier Fitness LLC in 2018 and has been in the business of developing, marketing and selling numerous successful fitness products that include the Bender Ball®, Six Second Abs®, Tabata Bootcamp®, Flirty Girl Fitness®, and The Booty Kicker®.

17.   Mindy Mylrea, the co-inventor of the Gliding disc, is a mother of three and a master trainer with over 30 years in the fitness industry (she is a Fitness Instructor of the Year, and Fitness Trainer of the Year, both awarded by International Fitness Organizations). Ms. Myrea is on the pro development team for SCHWINN® Cycling, BODY BAR®, FLIRTY GIRL FITNESS®, and is the creator of TABATA BOOTCAMP®, a popular line of DVD fitness instruction.  She, along with her husband Bruce, are the founders of the non-profit organization One Day To Wellness, which provides education around the world to help people transform their lives to healthier lifestyles of nutrition and exercise, which arose after Bruce's struggles with cancer.

**DEFENDANTS' ACCUSED PRODUCT AND ACTIONS RELATED THERETO**

18. Defendant Southern Telecom is using Plaintiff's Gliding Mark to manufacture and brand their own near identical product as Lomi Fitness "Gliding Discs", which they sell both online and in retail stores. This false branding exists prominently on the outside front of the box of this product in a larger font than the rest of the product description, and likewise, on the back of the product box in a larger font. Southern Telecom also refers to its product as "Gliding Discs" in the inside instructions for the product, all of which is likely to cause consumer confusion between Southern Telecom's "Gliding Discs" and Plaintiff's "Gliding Discs." Defendant also advertises its "Gliding Discs" on the Internet.  The packaging of the Lomi "Gliding Discs" product sold by Southern Telecom utilizes Plaintiff's "Gliding" trademark in an infringing and confusing manner by referring to the Lomi product as "Gliding Discs".

19.    Defendants, either alone or in conjunction with others, have infringed, contributed to infringement, and/or induced infringement of Plaintiff's Marks and Patent using, selling and/or offering to sell, and/or causing others to use, sell and/or offer to sell, Defendant's Lomi "Gliding Discs", and the products of others that infringe upon Plaintiff's rights (the "Accused Products").

20.    Upon information and belief, Defendants are advertising for sale and offering the Accused Products for sale in the United States and in this district.

Upon information and belief, Defendants are infringing on Plaintiff's Marks and Patent by offering the Accused Products for sale through websites in the United States and within this district.  This list is non-exclusive and only reflects the websites which are currently known to Plaintiff. The following offer the Accused Products for sale and delivery to citizens in the United States and in this district:

(a)  Dick's Sporting Goods

(b)  Macy's

(c)  Tilly's

(d)  Saks Off 5th

(e)  Belk

(f)  Marshall's

(g)  Hudson's Bay Company

21.    Upon information and belief, Defendants have participated in the website advertising for the Accused Products either alone or in conjunction with others in those website advertising postings and knowingly, willfully, and deliberately participated jointly with the other Defendants to infringe on Plaintiff's Patent and Marks in the United States and in this district.

22.    Upon information and belief, Defendants have knowingly, willfully, and deliberately disseminated advertisements regarding the Accused Products through websites which are readily available to citizens in the United States and this district.

Complaint                              5        SAVVIER FITNESS, LLC v.. SOUTH-
                                                ERN TELECOM, INC., et. al.

23.     Mr. Tuller's and Ms. Myrea's vanguard gliding disc technology described and claimed in the patent-in-suit has been adopted and used by fitness centers, instructors, and consumers world-wide. Moreover, current fitness industry leaders have recognized the value of the Patent resultant from the patent-in-suit.

24.     The '294 patent issued on April 21, 2015. The inventors of the '294 patent are Jeff Tuller and Mindy Mylrea. The '294 patent is now, and has been at all times since its date of issue, valid and enforceable.

## DEFENDANTS' INFRINGING ACTIVITIES AND NOTICE THEREOF

25.     Defendants have been, currently are and continue to directly and/or indirectly infringe one of more claim of the Gliding disc Patent by making, using, selling, offering to sell and/or importing into the United States one or more products and/or services that infringe the Gliding disc Patent or that are specially adapted for use in infringing products. Such activities include (1) sales and distribution of infringing gliding discs through corporate owned retail stores, including stores located in this district, to customers in this district for use in this district; (2) sales and distribution of infringing sliding discs, through online offerings accessible by a search of customers in the district on the Internet, knowingly for use by the customers in this district; (3) direct solicitation of sales and actual sales of infringing sliding discs to customers, including customers in this district, via online websites including but not limited to those listed above; (4) knowingly communicating with customers, including customers located in this district, through telephone and online contacts for technical support of the infringing use of sliding discs and associated services sold by Defendant; (5) conducting marketing, promotion, and advertising activities for infringing sliding discs within this district and elsewhere in the United States, such activities thereby including offers to sell directed at customers in this district; (6) providing instructions, support and services to customers who are infringing the Gliding disc Patent, including customers in the district, and (7) engaging in licensing agreements with companies, including companies located in this district, for the marketing, advertising, sales, support and use of sliding discs that infringe the Gliding disc Patent.

26.     Upon information and belief, Defendants indirectly infringe one or more claims of the Gliding disc Patent by knowingly making, using, offering to sell or importing into the United States one or more materials or components of the claimed inventions of the Gliding disc Patent for use in practicing the patent inventions.

27.     Upon information and belief, Defendants have continued to infringe the patent-in-suit, despite their knowledge of them and in reckless disregard for Plaintiff's Patent rights.

28.     Plaintiff has been irreparably harmed by the Defendants' infringement of its valuable Patent rights. Moreover, Defendants' unauthorized, infringing use of Plaintiff's Patented methods and design has threatened the value of this intellectual property because Defendants' conduct results in Plaintiff's loss of its lawful Patent rights to exclude others from making, using, selling, offering to sell and or importing the Patented inventions.

29.     Defendants' disregard for Plaintiff's property rights similarly threatens Plaintiff's relationships with current and potential licensees of this intellectual property. Defendants will derive a competitive advantage over any of Plaintiff's existing and future licensees from using Plaintiff's Patented technology without paying compensation for such use. Accordingly, unless and until Defendants' are enjoined from continued acts of infringement, Plaintiff will suffer further irreparable harm for which there is no adequate remedy at law.

## FIRST CAUSE OF ACTION

### (Infringement of U.S. Patent No. 9,011,294, against all Defendants)

30.     Plaintiff incorporates paragraphs 1 through 29 by reference as if fully stated within this paragraph.

31.     Defendants either make, use, sell and offer to sell, and/or import into the United States for subsequent use and sale sliding disc products that infringe, directly and/or indirectly, or which employ components, and or steps that make use of products that infringe, directly and/or indirectly, claims of the '294 Apparatus Patent.  These infringements include, but are not limited to the Lomi Fitness Gliding Disc Infringement of Claims 1, 2, 3, 4, 12, 13, 14, and 19 of Plaintiff's '294 Apparatus Patent.

Complaint                              7        SAVVIER FITNESS, LLC v.. SOUTH-
                                                ERN TELECOM, INC., et. al.

32.     The designs of the sliding disc products made, used, sold and offered for sale, and/or imported into the United States for subsequent use and sale by Defendants are so similar to the claimed design of the '294 patent that a purchaser familiar with the prior art would be deceived by the similarity between the claimed design and the designs of the infringing sliding disc products of Defendants, "inducing him to purchase one supposing it to be the other".

33.     Defendants continuing acts of infringement constitute willful infringement of the '294 Apparatus Patent.

34.     Defendants' activities infringing the '294 Apparatus Patent have damaged Plaintiff and will continue to cause Plaintiff irreparable harm unless such infringing activities are enjoined by this Court.

## SECOND CAUSE OF ACTION

### (Infringement of a Registered Trademark (15 U.S.C. §1114), Against All Defendants)

35.     Plaintiff hereby incorporates by reference each of the allegations set forth in paragraphs 1 through 29 of this Complaint as though fully set forth in this cause of action.

36.     Defendants have used Plaintiff's Gliding Mark (Reg. #3285762) in commerce by man-ufacturing (on information and belief), advertising and selling the Accused Products with the Gliding Mark without the consent of Plaintiff, the registrant of said Mark.

37.     Defendants have manufactured (on information and belief), advertised, and sold the Accused Products with the Gliding Mark in commerce in a manner that is likely to cause consumer confusion and deceive the public regarding the source, sponsorship, and/or affiliation of those Marks and products associated with the Marks. Defendants' sale of the infringing Accused Products is there-fore unlawful and is causing irreparable harm to Plaintiff's brands.

38.     Defendants' actions as described herein constitute direct and/or contributory trademark infringement in violation of 15 U.S.C. §1114(1)(a)-(b).

39.     As a proximate result of Defendants' trademark infringement, Plaintiff has been dam-aged in an amount to be proven at trial.

40.     Plaintiff alleges upon information and belief that, as a proximate result of Defendants' trademark infringement, Defendants have unlawfully profited in an amount to be proven at trial.

41.     At all relevant times, Defendants acted intentionally and/or willfully in using Plaintiff's Mark in their advertising, knowing Plaintiff's Mark belongs to Plaintiff, and that Defendants were not and are not authorized to use Plaintiff's Marks in advertising the Accused Products.

42.     Defendants' knowing, intentional and/or willful actions make this an exceptional case, entitling Plaintiff to an award of reasonable attorney fees pursuant to 15 U.S.C. §1117(a).

43.     Defendants' actions also constitute the use by Defendants of one or more "counterfeit marks" as defined in 15 U.S.C. §1116(d)(1)(B). Plaintiff therefore reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. §1117(c)(1) and/or (2).

44.     The acts of direct and/or contributory trademark infringement committed by Defendants have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court and Plaintiff accordingly seeks injunctive relief against Defendants as allowed by law.

### THIRD CAUSE OF ACTION

### (Unfair Competition under Federal Law, 15 U.S.C. § 1125, Against All Defendants)

45.     Plaintiff hereby incorporates by reference each of the allegations set forth in paragraphs 1 through 29 of this Complaint as though fully set forth in this cause of action.

46.     Defendants have used the Mark in manufacturing (on information and belief), advertising, and selling the Accused Products in such a way that is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection, or association of Plaintiff's Gliding Marks with the Accused Products, when such are Plaintiff's brand that is separate from Defendants' Accused Products.

47.     Plaintiff hereby alleges federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants' adoption and use of the Plaintiff's Marks, or approximations or simulations thereof, as hereinabove pleaded, constitutes use of a false designation of origin or a false representation, which wrongfully and falsely designates, describes or represents the origins

of Defendants' products and business as originating from or being in connection with Plaintiff when this is not the case, and thereby constitutes a false description or representation used in interstate commerce readily available to citizens in the United States and this district. Plaintiff has been and is continuing to be damaged by such violation and has no adequate remedy at law. Defendants' unlawful and willful conduct will continue to damage Plaintiff unless enjoined by this Court. Based on Defendants' previous and continuing knowledge of Plaintiff's Federally Registered Marks and continued activities, Defendants' federal unfair competition violation is willful.

### FOURTH CAUSE OF ACTION

### (Unfair Competition (Cal. Bus. & Prof. Code § 17200), Against All Defendants)

48.     Plaintiff hereby incorporates by reference each of the allegations set forth in paragraphs 1-29 of this Complaint as though fully set forth in this cause of action.

49.     Plaintiff hereby alleges Defendants have committed unlawful and/or fraudulent acts and/or conduct by using Plaintiff's trademarks and thereby misleading consumers in California as to the source of the product, when in fact Plaintiff is the sole owner of the Marks and Defendants are neither the owners nor authorized by the Plaintiff in any manner. Such actions are misleading consumers since Defendants are not and have never been authorized by Plaintiff to make, manufacture, distribute, sell, advertise, or offer to sell Defendants' Accused Products using Plaintiff's Mark.

50.     Defendants have knowingly, willfully, and deliberately committed fraudulent acts and/or conduct that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that the unauthorized products imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendants originate from Plaintiff, or that said merchandise has been sponsored, approved, licensed by, or associated with Plaintiff or is in some way, connected or affiliated with Plaintiff to compete unfairly against Plaintiff. Plaintiff has been and is being damaged by such violation and has no adequate remedy at law. Defendants' unlawful and willful conduct will continue to damage Plaintiff unless enjoined by this Court.

Based on Defendants' previous and continuing knowledge of Plaintiff's Marks, and sales of their products, Defendants' California unfair competition violation is willful under California Business and Professions Code sections 17200 - 17209 ("UCL") and affected consumers are entitled to an order from this Court designed to restore through an appropriate disgorgement of profits Defendants' ill-gotten gains .

### FIFTH CAUSE OF ACTION

### (Dissemination of False Advertisements (15 U.S.C. §52), Against All Defendants)

51.     Plaintiff hereby incorporates by reference each of the allegations set forth in paragraphs 1 through 29 of this Complaint as though fully set forth in this cause of action.

52.     Plaintiff hereby alleges Defendants have knowingly, willfully, and deliberately disseminated false advertisements through websites and the Internet which are readily available to citizens in the United States and this district.  The advertisements knowingly, willfully, and deliberately disseminated by Defendants used Plaintiff's distinctive Mark.  Defendants know that they have no right to use the Mark. The effect of the dissemination of these false advertisements by Defendants is negative on consumers as it is meant to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that the unauthorized products imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendants originate from Plaintiff, or that said merchandise has been sponsored, approved, licensed by, or associated with Plaintiff or is in some way, connected or affiliated with Plaintiff to compete unfairly against Plaintiff.

53.     Plaintiff has been and is being damaged by such violation and has no adequate remedy at law. Defendants' unlawful and willful conduct will continue to damage Plaintiff unless enjoined by this Court.  Based on Defendants' previous and continuing knowledge of Plaintiff's Marks, and their continued sales of their products, Defendants' knowingly, willfully, and deliberately disseminated false advertisements offering for sale the Accused Products through websites readily available to citizens in the United States and this district.

Complaint                                    11     SAVVIER FITNESS, LLC v.. SOUTH-
                                                          ERN TELECOM, INC., et. al.

## SIXTH CAUSE OF ACTION

### (Deceptive Trade Practices (15 U.S.C. §52), Against All Defendants)

54.     Plaintiff incorporates by reference each of the allegations set forth in paragraphs 1 through 29 of this Complaint as though fully set forth in this cause of action.

55.     Defendants' actions set forth herein constitute continued violations of the Federal Uniform Deceptive Trade Practices Act (UDTPA) (15 U.S.C. §52, et seq.).

57.     As a proximate result of Defendants' deceptive trade practices, Plaintiff has been damaged in an amount to be proven at trial.

58.     Plaintiff alleges upon information and belief that, as a proximate result of Defendants' deceptive trade practices, Defendants have unlawfully profited in an amount to be proven at trial.

59.     The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause, Plaintiff irreparable injury for which Plaintiff has no adequate remedy at law. Therefore, Plaintiff is entitled to injunctive relief.

60.     Defendants have willfully and knowingly engaged in deceptive trade practices in violation of UDTPA (15 U.S.C. 52, et seq.), and therefore Plaintiff is entitled to an award of reasonable attorney fees pursuant to UDTPA (15 U.S.C. 52, et seq.)

## SEVENTH CAUSE OF ACTION

### (False Advertising (Cal. Bus. & Prof. Code § 17500), Against All Defendants)

61.     Plaintiff hereby incorporates by reference each of the allegations set forth in paragraphs 1 through 29 of this Complaint as though fully set forth in this cause of action.

62.     Plaintiff hereby alleges Defendants have knowingly, willfully, and deliberately made and are continuing to make false or misleading statements in connection with the Accused Products, and Defendants knew, or should have known, that the statements were false or misleading before advertising and offering to sell the Accused Products through websites which are readily available to citizens and residents in California and this district.  The false or misleading statements knowingly, willfully, and deliberately made by Defendants in their advertisements used Plaintiff's distinctive registered trademarks for which Defendants know that they have no right to use, and those registered

trademarks represent Plaintiff's products. The effect of the false or misleading statements of these advertisements by Defendants is negative on consumers as it will confuse, mislead, or deceive purchasers, customers, or members of the public to believe that the unauthorized products imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendants originate from Plaintiff, or that said merchandise has been sponsored, approved, licensed by, or associated with Plaintiff or is in some way, connected or affiliated with Plaintiff to compete unfairly against Plaintiff.

63.     Plaintiff has been and is being damaged by such violation and has no adequate remedy at law. Defendants' unlawful and willful conduct will continue to damage Plaintiff unless enjoined by this Court. Based on Defendants' previous and continuing knowledge of Plaintiff's Marks, Defendants are knowingly, willfully, and deliberately making false or misleading statements in their advertisements offering for sale the Accused Products through websites is willful and unlawful under California False Advertising Law (Bus. & Prof. Code, §§ 17500, et seq.) and Plaintiff is entitled to an order to restore to consumers Defendants' profits obtained through these ill-gotten means.

## EIGHTH CAUSE OF ACTION

### (False Designation of Origin/Unfair Competition or Misleading Advertising

### (15 U.S.C. §1125(a)), Against All Defendants)

64.     Plaintiff hereby incorporates by reference each of the allegations set forth in paragraphs 1 through 29 of this Complaint as though fully set forth in this cause of action.

65.     Defendants' actions as described herein constitute a direct and/or contributory violation of 15 U.S.C. §1125(a)(1)(A), as such actions are likely to: (a) cause confusion; (b) cause mistake; and/or (c) deceive as to the affiliation, connection, or association of Defendants with Plaintiff and/or to the origin, sponsorship, and/or approval of such goods by Plaintiff.

66.     As a proximate result of Defendants' trademark infringement, Plaintiff has been damaged in an amount to be proven at trial.

Complaint                                   13      SAVVIER FITNESS, LLC v.. SOUTHERN TELECOM, INC., et. al.

67.     Plaintiff alleges upon information and belief that, as a proximate result of Defendants' trademark infringement, Defendants have unlawfully profited in an amount to be proven at trial.

68.     Defendants' acts of violating Section 1125 have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court.

### NINTH CAUSE OF ACTION

### (State Common Law Unfair Competition, Against All Defendants)

69.     Plaintiff hereby incorporates by reference each of the allegations set forth in paragraphs 1 through 29 of this Complaint as though fully set forth in this cause of action.

70.     Defendants have committed acts and/or engaged in conduct by unlawfully using Plaintiff's trademarks and thereby misleading consumers in California as to the source of the product, making misleading statements that Plaintiff is only a licensed manufacturer of the Plaintiff's product, when in fact Plaintiff is the sole owner of the Marks and Defendants are neither the owners nor authorized by the Plaintiff in any manner.  Such actions are misleading consumers since Defendants are not and have never been authorized by Plaintiff to make, manufacture, distribute, sell, advertise, or offer to sell the Accused Products bearing Plaintiff's Mark.

71.     Defendants have knowingly, willfully, and deliberately committed fraudulent acts and/or conduct that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that the unauthorized products imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendants originate from Plaintiff, or that said merchandise has been sponsored, approved, licensed by, or associated with Plaintiff or is in some way, connected or affiliated with Plaintiff to compete unfairly against Plaintiff. Plaintiff has been and is being damaged by such violation and has no adequate remedy at law. Defendants' unlawful and willful conduct will continue to damage Plaintiff unless enjoined by this Court. Plaintiff is likewise under California case law entitled to recover its damages from Defendants incurred as a result of Defendants' unfair competition.

**TENTH CAUSE OF ACTION**

**(Declaratory Relief, against all Defendants, in the Alternative)**

72.     Plaintiff hereby incorporates by reference each of the allegations set forth in paragraphs 1 through 29 of this Complaint as though fully set forth in this cause of action.

73.     Plaintiff contends that the facts presented in this Complaint are irrefutable and are not a hypothetical state of facts and create an appropriate case or controversy under 28 U.S.C. §2201.

74.     Plaintiff requests the court provide Plaintiff with Declaratory Relief and that a declaratory judgment be granted under 28 U.S.C. §2201 stating that Defendants are not authorized to use the Marks.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs hereby respectfully request the following relief against Defendants, jointly and severally, inclusive and each of them as follows:

a.      That this Court adjudge and decree that the Gliding Disk Patent are infringed by Defendants, that Defendants have induced infringement, and that Defendant has contributed to infringement.

b.      That infringement, inducement of infringement, and contributing to infringement by Defendants has been willful.

c.      That this Court permanently enjoin Defendants and their officers, directors, agents, servants, employees, attorneys, successors, licensees, assigns, and all others in active concert or participation with Defendants, from engaging in any acts that constitute infringement, inducement of infringement, or contributory infringement of the Gliding Disk Patent.

d.      That this Court order an accounting, including a post-verdict accounting, to determine the damages to be awarded to Plaintiff as a result of Defendants' infringement.

e.      For an order finding that Defendants have infringed the Trademark US Registration Number 3285762 and how such infringement was willful;

f.      For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents,

Complaint                                15     SAVVIER FITNESS, LLC v.. SOUTH-
                                                 ERN TELECOM, INC., et. al.

attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the Trademark US Registration Number 3285762, and from inducing others to infringe such Mark;

g.  For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the Trademark US Registration Number 3285762, and from inducing others to infringe this Mark;

h.  Defendants be ordered to cease offering for sale, marketing, promoting, and selling and to recall all Infringing Accused Products, or any other goods bearing the Infringing Marks or any other confusingly similar imitation of Plaintiff's Marks that are in Defendants' possession or have been shipped by Defendants or under its authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Defendants;

i.  Plaintiff be awarded all damages caused by the acts forming the basis of this Complaint, except where such damages are not otherwise available under California Business & Professions Codes §§17200 and 17500. As to those sections, Plaintiff seeks a disgorgement of all profits and restoration to consumers of those monies received through Defendants' unfair competition;

j.  Based on Defendants' knowing and intentional use of a confusingly similar imitation of the Plaintiff's Mark, the damages awarded be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

k.  Defendants be required to pay to Plaintiff the costs and reasonable attorneys' fees incurred by Plaintiff in this action pursuant to 35 U.S.C. § 285 and pursuant to 15 U.S.C. § 1117(a) and other applicable law and the state statutes cited in this Complaint;

l.  This Court find that Defendants' infringement and actions render this case an exceptional case within the meaning of 35 U.S.C. § 285 and that Plaintiffs be awarded attorneys' fees;

m.  Plaintiff be awarded prejudgment and post-judgment interest on all monetary awards;

n.  Plaintiff be awarded a declaration of Judgment under 28 U.S.C. §2201.

o.  Plaintiff be awarded costs of suit; and

Complaint                    16          SAVVIER FITNESS, LLC v.. SOUTHERN TELECOM, INC., et. al.

p.      Plaintiff be granted such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands that all issues be tried by a jury under FED. R. CIV. P. 38(b).

Dated: May 6, 2022                                    COSTALAW

                                                     By: /s/ Joseph P. Costa

                                                     ATTORNEY FOR PLAINTIFF SAVVIER FITNESS LLC